[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR MODIFICATION, PENDENTE LITE DATED FEBRUARY 2, 2001 (#118)
The parties were married on September 3, 1989. They have two children issue of the marriage to wit: Jessica Beth Fine born June 20, 1991 and Danielle Amy Fine born December 29, 1992. On July 26, 2000 the parties entered into a written agreement the provisions of which were made orders of the court. The plaintiff was awarded exclusive possession of the marital residence and the parties further agreed to a parenting plan. Financial orders were issued which are the subject matter of this motion. Orders were also entered by the court on January 24, 2001 and February 1, 2001. At all times relevant herein the plaintiff was a registered nurse performing medical insurance exams on a part-time basis and the defendant was a physician practicing as an obstetrician/gynecologist.
The plaintiff's financial affidavit of January 26, 2000 reflects a weekly gross income of $126 and a net income of $25. As of February 1, 2001 her weekly gross income had increased to $221 and her net to $71. The file does not contain a financial affidavit for the defendant in connection with the January 26, 2000 hearing but his affidavit of March 23, 2001 reflects a gross weekly income from his full and part time employment of $1,923 and a net of $1,423.
The court held a hearing on March 23, 2001 and April 23, 2001 on the defendant's motion at which time the parties appeared with counsel and CT Page 7000 offered testimony. The court, after reviewing the testimony makes the following findings of fact.
The parenting plan entered into by the parties on January 26, 2000 was based upon the work schedule of the defendant. Because of his medical position and his field of specialty he was "on call". As a result the parenting plan was structured to accommodate the flexibility necessary for what essentially was a shared parenting arrangement. Because of the need for flexibility the plaintiff was unable to predict with any certainty when she would be needed to care for the children. Following a hearing on February 1, 2001 the court (Brennan, STR) adopted the parenting plan proffered by the defendant. The defendant was now able to give to the plaintiff a definite schedule for his parenting time which he claims enables the plaintiff to engage in full time employment or, at the very least, gives her the ability to work substantially more hours. She currently averages 10 hours a week and makes an average of $20 per hour. As part of her deductions from her gross income she takes a credit for the business use of her home to write up reports for her insurance examinations.
The plaintiff has done little to increase her earnings since January 26, 2000. Because of the prior financial orders the plaintiff has little incentive to seek employment in the field where there is a severe shortage of nurses who are able to have very flexible hours. She has restricted her job search.
The court finds that there has been a substantial change in the circumstances of the parties and terminates, effective immediately, the weekly payment of $200 as ordered by the court in January of 2000.
 BY THE COURT JOHN R. CARUSO